# Exhibit 5

AO 245B (SCDC Rev.02/18) Judgment in a Criminal Case Sheet 1

# UNITED STATES DISTRICT COURT
## District of South Carolina

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| vs. | |
| Caroline Sherlock | Case Number: 1:16-cr-632-JMC (4) |
| | USM Number: 31603-171 |
| | James Bannister, Retained |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) <u>1 of the Indictment</u>
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1962(d) | Please see Indictment | 8/16/16 | 1 |

The defendant is sentenced as provided in pages 2 through <u>9</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) <u>14, 15, 44 of the Indictment</u>  ☐ is ☒ are   dismissed on the motion of the United States.
☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

October 12, 2018
Date of Imposition of Judgment

*J. Michelle Childs*
Signature of Judge

J. Michelle Childs, United States District Judge
Name and Title of Judge

October 12, 2018
Date

AO 245B (SCDC Rev. 02/18) Judgment in a Criminal Case
    Sheet 4 - Probation

Page 2

DEFENDANT: Caroline Sherlock
CASE NUMBER: 1:16-cr-632-JMC

# PROBATION

The defendant is hereby sentenced to probation for a term of three (3) years.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. §20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program of domestic violence. *(check if applicable)*
7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with the following conditions:
1) The defendant must complete 300 hours of community service at the direction of the U.S. Probation Office.
2) The defendant shall pay any remaining balance on her restitution in minimum monthly installments at a rate of $100.00 per month, to commence 30 days after release from imprisonment.
3) The defendant shall provide the U.S. Probation Office with access to all requested financial information to include income tax returns and bank statements.
4) The defendant shall not open additional lines of credit without the approval of the U.S. Probation Office.

AO 245B (SCDC Rev. 02/18) Judgment in a Criminal Case
Sheet 4A - Probation                                                                                                                    Page 3

DEFENDANT: Caroline Sherlock
CASE NUMBER: 1:16-cr-632-JMC

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (SCDC Rev. 02/18) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties
Page 4

DEFENDANT: Caroline Sherlock
CASE NUMBER: 1:16-cr-632-JMC

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 4.

|        | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|--------|----------------|----------------------|----------|-----------------|
| **TOTALS** | **$ 100.00** |                      | **$**    | **$ 87,025.94** |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

■ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless otherwise specified in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| State of South Carolina | $72,193.94 | $72,193.94 | |
| Toyota Motor Credit | $14,832.00 | $14,832.00 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | **$ 87,025.94** | **$ 87,025.94** | |

☐ Restitution amount ordered pursuant to plea agreement **$**_____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

■ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
- ■ The interest requirement is waived for the ☐ fine ■ restitution.
- ☐ The interest requirement for the ☐ fine ☐ restitution is modified as follows:

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (SCDC Rev. 02/18) Judgment in a Criminal Case
    Sheet 6 - Schedule of Payments

Page 5

DEFENDANT: Caroline Sherlock
CASE NUMBER: 1:16-cr-632-JMC

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ■  Lump sum payment of $87,125.94 due immediately, balance due

      ☐ not later than _____ , or

      ■ in accordance with  ☐ C,   ■ D, or   ☐ E, or ☐ F below: or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ■  Payment in equal monthly installments of $100.00, to commence 30 days after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
■ The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Preliminary Order of Forfeiture, filed 5/21/2018 and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.:  1:16-cr-632-JMC |
| | ) | |
| v. | ) | |
| | ) | |
| HANNAH CARROLL | ) | |
| ROSE M. MULHOLLAND | ) | |
| KIM MULHOLLAND | ) | |
| CAROLINE SHERLOCK | ) | |
| CATHERINE CARROLL | ) | |
| ANTHONY CARROLL | ) | |
| JOHNNY M. SHERLOCK | ) | |
| MARY RITA SHERLOCK | ) | |
| LESLIE ANN SHERLOCK | ) | |
| JIMMY J. CARROLL | ) | |
| MARY COSTELLO | ) | |
| MARY GORMAN CARROLL | ) | |
| RENEE CARROLL | ) | |
| ROSE S. MULHOLLAND | ) | |
| SUSAN SHERLOCK | ) | |
| WILLIAM CAROLL | ) | |
| LEONARD NEW | ) | |

**PRELIMINARY ORDER OF FORFEITURE AS TO
ABOVE-CAPTIONED DEFENDANTS**

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to the above-captioned Defendants ("Defendants"), based upon the following:

1. On August 16, 2016, a multi-count Indictment was filed charging the Defendants with:

    Count 1:    Racketeering, in violation of 18 U.S.C. § 1962(d);

    Counts 2-9:    Wire fraud, in violation of 18 U.S.C. § 1343;

    Counts 10-29:    Mail fraud, in violation of 18 U.S.C. § 1341;

<blockquote>

Counts 30-36:    Structuring transactions, in violation of 31 U.S.C. § 5324; and

Counts 37-45:    Interstate transportation of stolen property, in violation of 18, U.S.C. § 2314

</blockquote>

2.    Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon the Defendants' convictions, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. Such assets include, but are not limited to the following:

Cash Proceeds Judgment[1]:

A sum of money equal to all proceeds the Defendants obtained, directly or indirectly, from the offenses charged in this Indictment, and all interest and proceeds traceable thereto, and/or that such sum equals all property derived from or traceable to their violation of Title 18, and all interest and proceeds traceable thereto.

3.    The Defendants pled guilty to the racketeering charge, in violation of 18 U.S.C. § 1962 and pursuant to their plea agreements, agreed to forfeiture.

4.    Based upon the Defendants' convictions, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. §§ 1963(a)(1) and (3), and 28 U.S.C. § 2461(c).

5.    Based upon the Defendants' convictions, the court has determined that the government has established the requisite nexus between the amount of proceeds and the offense for which the Defendants have been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21

---

[1] The government is pursuing proceeds judgments against the Defendants. The total amount of the proceeds judgments have not been calculated at this time. Pursuant to Rule 32.2(b)(2)(C) and (e)(1), this order will be amended when the specific amount of the proceeds judgments have been determined by the court.

U.S.C. § 853 governing third party rights. The court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. §§ 1963(a)(1) and (3), and 28 U.S.C. § 2461(c).

Therefore, it is ORDERED that all property, real or personal, which constitutes or is derived from proceeds traceable to the Defendants' violation of 18 U.S.C. § 1962(d) are subject to forfeiture.

6. The court further finds that one or more of the conditions set forth in Title 21, United States Code, Section 853(p), exists.

7. It is, therefore, ORDERED that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by the Defendants as a result of their violation of 18 U.S.C. § 1962(d) and that such substitute assets shall not exceed the value of the proceeds the Defendants obtained.

Accordingly, it is hereby **ORDERED,**

1. The below-described property, and all right, title, and interest of the Defendants, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

2. FORFEITURE IS ORDERED against the Defendants and in favor of the United States for an undetermined amount, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the proceeds judgment.

3. The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed proceeds judgment.

4. Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5. The government is not required to publish notice regarding the personal judgments against the Defendants; however, the Orders shall be recorded in the records of the County Clerk's Office in the County of the debtors' residence, place of business, and any and all other counties in which the debtors has either real or personal property, as a lien thereon.

6. Upon entry of the criminal judgment, this Order becomes final as to the Defendants, and shall be made a part of their sentence and included in the criminal judgment.

7. The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

*J. Michelle Childs*
_____
J. MICHELLE CHILDS
UNITED STATES DISTRICT JUDGE

May 21, 2018
Columbia, South Carolina