# Exhibit 9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| UNITED STATES OF AMERICA | CR. NO.: 1:17-cr-777 |
|---|---|
| v. | |
| JOHN U. CARROLL<br>ANN CARROLL<br>COURTNEY CARROLL<br>JAY G. CARROLL<br>MARY C. CARROLL<br>MARY RITA CARROLL<br>RALPH CARROLL<br>MARY GORMAN<br>TINA GORMAN<br>ANN MACK<br>THOMAS MARTIN MACK<br>RACHEL MCNALLY<br>BILLY O'HARA<br>JIM O'HARA<br>WINNIE O'HARA<br>HUGH RILEY<br>MELISSA RILEY<br>TRACY RILEY<br>BETTY SHERLOCK<br>M. LISA CARROLL SHERLOCK<br>MICHAEL P. SHERLOCK<br>PATRICIA SHERLOCK<br>PATRICK SHERLOCK<br>SANDRA SHERLOCK<br>ANN F. SHERLOCK | 18 U.S.C. § 371<br>18 U.S.C. § 1341<br>18 U.S.C. § 1343<br>18 U.S.C. § 1956<br>18 U.S.C. § 2314<br>18 U.S.C. § 981(a)(1)(C)<br>31 U.S.C. § 5317<br>28 U.S.C. § 2461(c) |
| | **INFORMATION** |

## COUNT 1

THE UNITED STATES ATTORNEY:

1. From a time unknown, but at least beginning in 1990, the defendants, **JOHN U. CARROLL; ANN CARROLL; COURTNEY CARROLL; JAY G. CARROLL; MARY C. CARROLL; MARY RITA CARROLL; RALPH CARROLL; MARY GORMAN; TINA**

GORMAN; ANN MACK; THOMAS MARTIN MACK; RACHEL MCNALLY; BILLY O'HARA; JIM O'HARA; WINNIE O'HARA; HUGH RILEY; MELISSA RILEY; TRACY RILEY; BETTY SHERLOCK; M. LISA CARROLL SHERLOCK; MICHAEL P. SHERLOCK; PATRICIA SHERLOCK; PATRICK SHERLOCK; SANDRA SHERLOCK; and ANN F. SHERLOCK** did knowingly and willfully conspire and agree together and with each other and with others, known and unknown, to defraud the United States and agencies thereof to wit, the United States Department of Agriculture, Department of Health and Human Services, and the United States Department of the Treasury, and did knowingly and intentionally combine, conspire, confederate, agree, and have a tacit understanding

a. To commit the offense of mail fraud: that is to devise a scheme and artifice to defraud or for obtaining money and property, and to place in the mails or caused to be delivered by the mails, any matter or thing, in violation of Title 18, United States Code, Sections 1341;

b. To commit the offense of wire fraud: that is to devise a scheme and artifice to defraud and to transmit and cause to be transmitted by means of wire communication in interstate commerce signals, signs, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343;

c. To commit the offense of money laundering: that is to launder funds by conducting financial transactions with the purpose of disguising the source, the ownership, or the control of proceeds of specified unlawful activities, to wit mail and wire fraud, as well as promoting unlawful activities with proceeds of specified unlawful activities to wit: mail and wire fraud, in violation of Title 18, United States Code, Section 1956;

d. To commit the offense of interstate transportation of stolen goods: that is to devise a scheme to obtain stolen or fraudulently items valued over $5,000 and transport them in interstate commerce, in violation Title 18, United States Code, Section 2314.

e. To commit the offense of structuring, that is to purposely make withdrawals and deposits in amounts of $10,000 or less to avoid bank reporting requirements, in violation of Title 31, United States Code, Section 5317.

Manner and Means of the Conspiracy

2. Among the manner and means used by the conspiracy:

a. Members of the conspiracy, both known and unknown, defrauded financial institutions, lenders and automobile financing companies, using the interstate wires to fraudulently submit documents to obtain financing for the purchase of vehicles.

b. Members of the conspiracy, both known and unknown, defrauded financial institutions, lenders, automobile financing companies, and automobile dealerships by tampering with the odometers of vehicles that were traded in to dealerships and repossessed.

c. Members of the conspiracy, both known and unknown, defrauded Government benefit programs to include Food Stamps and Medicaid.

d. Members of the conspiracy, both known and unknown, defrauded the Federal Government of tax revenue by filing false and fraudulent tax returns that caused the payment of fraudulent tax refunds and credits.

e. Members of the conspiracy, both known and unknown, using interstate wires and the mail, defrauded life insurance companies by submitting false and fraudulent information regarding the insured's health and financial status on insurance applications or allowed

others to submit false and fraudulent information regarding the insured's health and financial status on insurance applications.

f. Members of the conspiracy, both known and unknown did launder funds by conducting financial transactions with the purpose of disguising the source, the ownership, or the control of proceeds of a specified unlawful activity. Members of the conspiracy would promote the conspiracy through the using of money from specified unlawful activity, to wit: pay for and purchase life insurance policies on members of the conspiracy that were fraudulently obtained. When money from unlawful activities was deposited, individuals would make numerous cash withdrawals to hide the source, ownership and control of the proceeds.

g. Members of the conspiracy, both known and unknown did knowingly transport and cause to be transported in interstate commerce items that had been stolen through schemes that gained entry into homes of unsuspecting victims, the intent of the scheme was to obtain properties over $5,000. Members of the conspiracy would transport in interstate commerce items valued over $5,000 that had been fraudulently obtained.

h. Members of the conspiracy structured withdrawals and deposits of proceeds from life insurance policies into and out of bank accounts in amounts of $10,000 or less to avoid the bank reporting requirements.

## OVERT ACTS

3. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed;

a. On or about April 8, 2015, the defendant, **JOHN U. CARROLL**, caused a wire transmission from Augusta, Georgia to Johnston, South Carolina of a fraudulent W2 in order to gain financing to purchase a vehicle.

b. In or around July 2011, the defendant, **ANN CARROLL**, structured over $35,000 of withdrawals from an insurance proceed check.

c. On or about March 13, 2011, the defendant, **COURTNEY CARROLL**, caused the mailing of a death claim form, fraudulently claiming she was the daughter of J.S.S.

d. On or about January 9, 2013, the defendant, **JAY G. CARROLL**, caused to be mailed a fraudulent recertification form for SNAP benefits to the Department of Services in South Carolina.

e. On or about December 13, 2014, the defendant, **MARY C. CARROLL**, caused to be mailed a fraudulent recertification form for SNAP benefits to the Department of Services in South Carolina.

f. On or about August 7, 2015, the defendant, **MARY RITA CARROLL**, caused to be mailed a fraudulent recertification form for SNAP benefits to the Department of Services in South Carolina.

g. In November 2014, the defendant, **RALPH CARROLL**, structured over $48,000 of withdrawals from an insurance proceed check.

h. On or about August 4, 2014, the defendant **MARY GORMAN**, caused to be mailed a fraudulent recertification form for SNAP benefits to the Department of Services in South Carolina.

i. On or about January 6, 2015, the defendant, **TINA GORMAN**, caused to be mailed a fraudulent recertification form for SNAP benefits to the Department of Services in South Carolina.

j. On or about June 5, 2012, the defendant, **ANN MACK**, claimed to be the sister of J.G. on a life insurance policy, when in truth and in fact she was not the sister.

k. On or about May 4, 2014, the defendant, **THOMAS MARTIN MACK**, caused the transportation of a Dodge Ram in interstate commerce; said vehicle having been obtained by fraud

l. On or about November 10, 2015, the defendant, **RACHEL MCNALLY**, caused to be mailed a fraudulent recertification form for SNAP benefits to the Department of Services in South Carolina;

m. On or about July 29, 2014, the defendant, **BILLY O'HARA**, completed an application for a life insurance policy that was submitted to American National Life Insurance Company that contained material misrepresentations.

n. In or around February 2012, the defendant, **JIM O'HARA**, structured over $145,000 of withdrawals from the proceeds of a life insurance benefit check.

o. From in or around November 2012 through January 2013, the defendant, **WINNIE O'HARA**, structured over $400,000 of withdrawals from the proceeds of a life insurance benefit check.

p. On or about May 8, 2013, the defendant, **HUGH RILEY**, caused to be mailed a fraudulent recertification form for SNAP benefits to the Department of Services in South Carolina.

q. On or about May 8, 2013, the defendant, **MELISSA RILEY**, caused to be mailed a fraudulent recertification form for SNAP benefits to the Department of Services in South Carolina.

r. On or about March 13, 2014, the defendant, **TRACY RILEY**, caused to be mailed a fraudulent recertification form for SNAP benefits to the Department of Services in South Carolina.

s. On or about June 9, 2014, the defendant **BETTY SHERLOCK**, caused to be mailed a fraudulent recertification form for SNAP benefits to the Department of Services in South Carolina.

t. On or about April 18, 2013, the defendant, **M. LISA CARROLL SHERLOCK**, caused to be mailed a fraudulent recertification form for SNAP benefits to the Department of Services in South Carolina.

u. From in or around January 2014 through June 2014, the defendant **MICHAEL P. SHERLOCK**, structured over $200,000 of withdrawals from the proceeds of a life insurance benefit check.

v. On or about June 2, 2014, the defendant, **PATRICIA SHERLOCK**, applied for a life insurance policy from Genworth Life Insurance Company. The application contained material misrepresentations.

w. On or about November 2, 2012, the defendant, **PATRICK SHERLOCK**, caused to be mailed a fraudulent recertification form for SNAP benefits to the Department of Services in South Carolina.

x. In or around February 2013 through March 2013, the defendant, **SANDRA SHERLOCK**, structured over $75,000 of withdrawals from a life insurance proceeds check.

y. On or about July 29, 2015, the defendant, **ANN F. SHERLOCK**, caused the transportation of a 2016 Audi Q7 in interstate transportation; said vehicle was obtained by fraud.

All in violation of Title 18, United States Code, Section 371.

FORFEITURE

CONSPIRACY TO COMMIT SPECIFIED UNLAWFUL ACTIVITIES

Upon conviction to violate Title 18, United States Code, Sections 371, 1341, 1343, 1956 and 2314 (conspiracy to commit mail fraud, wire fraud, money laundering and interstate transportation of stolen goods) as charged in the Information, the Defendants, **JOHN U. CARROLL; ANN CARROLL; COURTNEY CARROLL; JAY G. CARROLL; MARY C. CARROLL; MARY RITA CARROLL; RALPH CARROLL; MARY GORMAN; TINA GORMAN; ANN MACK; THOMAS MARTIN MACK; RACHEL MCNALLY; BILLY O'HARA; JIM O'HARA; WINNIE O'HARA; HUGH RILEY; MELISSA RILEY; TRACY RILEY; BETTY SHERLOCK; M. LISA CARROLL SHERLOCK; MICHAEL P. SHERLOCK; PATRICIA SHERLOCK; PATRICK SHERLOCK; SANDRA SHERLOCK; and ANN F. SHERLOCK** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from any proceeds the Defendants obtained, directly or indirectly, as the result of such violation, and any property traceable to such property.

The property subject to forfeiture includes, but is not limited to, the following:

(1) Proceeds/Money Judgment:

A sum of money equal to all proceeds the Defendants obtained, directly or indirectly, from the offenses charged in this Information, and all interest and proceeds traceable thereto, and/or that such sum equals all property derived from or traceable to their violations of 18 U.S.C. §§ 371, 1341, 1343, 1956 and 2314.

SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    A.    cannot be located upon the exercise of due diligence;
    B.    has been transferred or sold to, or deposited with, a third person;
    C.    has been placed beyond the jurisdiction of the Court;
    D.    has been substantially diminished in value; or
    E.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendants up to the value of the forfeitable property.

Pursuant to Title 18, United States Code, and Section 981(a) (1)(C) and Title 28, United States Code, Section 2461(c).

*Nancy C. Wicker for*
BETH DRAKE (jhm)
UNITED STATES ATTORNEY